IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORA S. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.     CIV-05-495-W |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on September 19, 2002 alleging a disability since August 26, 2002 (TR. 43-45, 192-194). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 22, 24, 194A, 198).  Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on April 5, 2004 (TR. 244-271). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the applications (TR. 247-260). A vocational expert (VE) testified at the request of the ALJ (TR. 260-270). The ALJ issued his decision on May 25, 2004 finding that Plaintiff was not entitled to DIB or SSI (TR. 15-20).  The Appeals Council denied the Plaintiff's request for

review on February 28, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 20).  At step two, the ALJ concluded that the Plaintiff has the severe impairments of "arthritis; mild obesity; a history of ankle surgery in September 2002 due to tenosynovitis of the left Achilles with Haglund deformity; plantar fascitis on the right; a history of endometriosis; a history of left medial epicondylitis/cubital tunnel syndrome and bilateral Guyon's canal syndrome; and seasonal allergies" (TR. 17, 20).  At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20). At step four, the ALJ found that Plaintiff retained the

residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 20). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 20).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in failing to consider the limitations provided by her treating physician, Christine Codding, M.D; and that (II) the ALJ failed in his duty to fully develop the record.

### Medical Evidence

In September 2002 Plaintiff's treating physician, Christine Codding, M.D. (orthopedic surgeon), stated that Plaintiff had "rheumatoid arthritis that limits her physical abilities. Patient is unable to stand [sic] prolonged periods or repetitive hand work" (TR. 139). In March 2004 Dr. Codding apparently revised her earlier diagnosis and reported that Plaintiff had a negative rheumatoid factor and therefore did not have rheumatoid arthritis (TR. 211).  Dr. Codding further reported that Plaintiff had severe problems with her feet; and that she continued to have puffiness in her hands (TR. 211).

Plaintiff was also treated by R.J. Langerman, Jr., D.O. (orthopedic surgeon), who performed surgery on Plaintiff left heel in September 2002 (TR. 163-172).  Plaintiff remained in a walker boot through December 20, 2002 (TR. 165).

In October 2002 Plaintiff underwent a consultative examination for worker's compensation purposes performed by John W. Ellis, M.D. (family practice), who found Plaintiff's deep tendon reflexes of the upper and lower extremities were normal; and that she had decreased sensation in her small fingers, palms and the medial aspect of the right calf (TR. 142).  Dr. Ellis further found that Plaintiff had reduced grip strength in both hands; that pressure over the ulnar nerve at the wrist caused complaints of numbness, tingling and pain shooting into the small finger; and that Plaintiff had some tenderness to palpation over the proximal mid right fifth metatarsal (TR. 142-143).  Dr. Ellis opined that, for worker's compensation purposes, Plaintiff had been "continuously

temporarily totally disabled since 8/26/02 and will remain so until further medical evaluation and treatment have been completed by a specialist" (TR. 143).

In December 2002 Plaintiff underwent a consultative medical examination performed by Thomas Henris, M.D., who reported that Plaintiff had mild swelling of the left ankle which was "probably" secondary to her recent ankle injury; that she had 5/5 strength in her upper and lower extremities, except the left ankle which was weak secondary to the recent surgery; and that her grip strength was 3-4/5 bilaterally (TR. 146). Dr. Henris further reported that he could see no long term limitations to Plaintiff's gait; that her range of motion was mildly limited in her hips and was limited in her ankle due to the surgery which he noted was healing well; and that she had normal sensation to light touch (TR. 147).

In December 2002, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 156). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 157-159).

# I.

Plaintiff argues that the ALJ erred in failing to consider the limitations provided by her treating physician, Christine Codding, M.D. (See Plaintiff's Brief at pages 4-5). In a September 2002 hand-written letter Dr. Codding stated that Plaintiff is "unable to stand [sic] prolonged periods or repetitive hand work" (TR. 139).

In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing

performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

In his decision the ALJ provided a detailed and thorough review of the medical evidence. He also provided specific legitimate reasons for disregarding the opinion of Dr. Codding. In his decision the ALJ correctly observed that

In September 2002 (less than one month after the claimant's alleged onset date, a treating physician wrote that the claimant had rheumatoid arthritis limiting her physical abilities and that the claimant was unable to stand for prolonged periods or perform repetitive hand work. The doctor did not report how long the claimant's condition had been at the level described or how long it was expected to continue at that level. The medical reports did not contain medically determinable facts or objective test results that would support a finding of inability to perform substantial gainful activity for any period of 12 continuous months.

(TR. 17). The medical record also shows that Dr. Codding changed her opinion and stated, contrary to her earlier finding, that Plaintiff did not have rheumatoid arthritis (TR. 211). It also appears that the ALJ incorporated Dr. Codding's restrictions into his hypothetical posed to the VE (TR. 263-264). The VE's response was that Plaintiff could perform her PRW even assuming that she could not use her upper or her lower extremities on a frequent basis for the operation of levers and or foot controls; could not be required to do extensive writing using hand and pencil or pen; could not use a computer on a frequent basis; and could not stand in excess of two hours without sitting (TR. 263-264). Thus, for the reasons discussed above, it appears that the ALJ properly considered the opinions of Plaintiff's treating physician, Dr. Codding.

## II.

Plaintiff also argues that the ALJ failed to fully develop the record by including medical

records which were not timely submitted to the ALJ (See Plaintiff's Brief at pages 5-6). Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record. *Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993).    Plaintiff has the responsibility for providing medical evidence in support of her claim. Plaintiff must provide medical evidence showing that she has an impairment and showing the severity of the impairment during the time she claims disability. 20 C.F.R. § 404.1512.

At the April 5, 2004 hearing Plaintiff's attorney requested that the ALJ keep the record open for 30 days so that records from Plaintiff's surgery on her right foot, which was to occur on April 19, 2004, would be considered by the ALJ (TR. 247). The ALJ granted Plaintiff's request and confirmed by letter to Plaintiff's counsel dated April 14, 2002 that

> I am granting your request for an extension to submit additional evidence. You must submit any additional evidence by May 13, 2004. If I do not receive any additional evidence, I will issue a decision without it. I will not grant another extension unless you have good cause.

(TR. 270, 221). Plaintiff's counsel neglected to submit the additional evidence in a timely manner. The additional information was not considered by the ALJ presumably because it was mailed from Tulsa on May 12, 2002 and failed to arrive in Oklahoma City on May 13th (TR. 220). Plaintiff now complains, somewhat disingenuously, that the ALJ failed to develop the record where it was Plaintiff's own failure to meet the clearly established deadline which resulted in the additional evidence not being considered by the ALJ.  It is also noteworthy that Plaintiff failed to request a further extension of time from the ALJ within which to submit the additional evidence; failed to submit the additional evidence to the Appeals Council for its consideration; and now fails to offer any argument as to what, if any, probative value should be accorded this additional evidence (TR. 214-219). When a claimant is represented by counsel at the administrative hearing, the ALJ is entitled to rely on the claimant's counsel to structure and present the claimant's case in a way that

the claimant's claims are adequately explored. *Hawkins v. Chater*, 113 F. 3d 1162, 1167 (10th Cir. 1997).

Thus, it appears that the ALJ fulfilled his duty to ensure that an adequate record was developed during the disability hearing consistent with the issues raised. *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.  The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 8th day of May, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE